```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
 2                      FORT WORTH DIVISION

 3   UNITED STATES OF AMERICA     )   4:15-CR-151-O(20)
                                  )
 4   v.                           )   Sentencing
                                  )
 5   MATTHEW RUTLEDGE             )   January 11, 2016

 6


 7            BEFORE THE HONORABLE REED C. O'CONNOR
                   United States District Judge
 8                   In Fort Worth, Texas

 9   FOR THE GOVERNMENT:          MR. SHAWN SMITH
                                  US Attorney's Office
10                                801 Cherry St
                                  Burnett Plaza Ste 1700 Unit #4
11                                Fort Worth, TX 76102-6882

12   FOR THE DEFENDANT:           MR. RONALD G. COUCH
                                  Law Office of Ronald G. Couch
13                                5005 Colleyville Blvd. # 217
                                  Colleyville, TX 76034
14                                817/514-4918
                                  Fax: 817/514-4919
15                                ronaldcouch@juno.com

16   COURT REPORTER:              MR. DENVER B. RODEN, RMR
                                  United States Court Reporter
17                                1050 Lake Carolyn Pkwy #2338
                                  Irving, Texas  75039
18                                drodenrmr@sbcglobal.net
                                  Phone:  (214) 753-2298
19

20
        The above styled and numbered cause was reported by
21   computerized stenography and produced by computer.

22

23

24

25
```

1        (January 11, 2016.)
2            **THE COURT**:  All right.  We are now here in case
3    number 4:15-CR-151, the United States versus Matthew Rutledge.
4    Mr. Smith is here for Mr. Rutledge -- Mr. Couch is here -- I'm
5    sorry.  Mr. Smith is here for the Government.  Mr. Couch is
6    here for Mr. Rutledge.
7            Sir, would you state your full name for the record?
8            **THE DEFENDANT**:  Matthew Ryan Rutledge.
9            **THE COURT**:  Thank you.  We are here for purposes of
10   your sentencing.
11           Mr. Couch, did you and your client receive in a
12   timely manner a copy of the Presentence Investigation Report
13   and the Addendum?
14           **MR. COUCH**:  Yes, sir.
15           **THE COURT**:  And have you carefully reviewed those
16   documents with your client?
17           **MR. COUCH**:  Yes, Your Honor.
18           **THE COURT**:  Did the Government receive these
19   documents timely?
20           **MR. SMITH**:  Yes, Your Honor.
21           **THE COURT**:  All right.  Mr. Couch, you have filed
22   objections to the document -- to the Presentence Investigation
23   Report targeting the drug quantity calculation and you have
24   attached to your objections a written -- appears to be a
25   handwritten statement of the codefendant Mr. Curry.

 1          Do you wish to present any evidence on your
 2  objections?
 3          **MR. COUCH:**  No.
 4          **THE COURT:**  And does the Government wish to present
 5  any evidence?
 6          **MR. SMITH:**  No, Your Honor.
 7          **THE COURT:**  All right.  I am going to overrule the
 8  objections for the reasons stated in the Government's Response
 9  and the Addendum.
10          I have considered the written statement of Mr. Curry
11  and I have compared it to the information contained in the
12  Presentence Investigation Report as well as to the objections
13  and the Response and the Addendum and I don't take from that
14  letter that that evidence detracts from the evidence that
15  makes up the drug quantity calculations in this case.  In
16  particular, Mr. Curry saying that he was not in the conspiracy
17  and didn't say anything about being in a conspiracy, in my
18  view, doesn't alter the ruling in this case that -- on the
19  objections.
20          That being the case I adopt the fact findings
21  contained in the Presentence Investigation Report and the
22  addendum.
23          I adopt the probation officer's conclusions as to the
24  appropriate Guideline calculations and determine that they are
25  as follows:

1                A total offense level of 37.

2                A Criminal History Category of V.

3                An imprisonment range between 324 and 405 months.

4                A supervised release range between 4 and 5 years.

5                And a fine range between $20,000 and $50,000.

6                Does the Government wish to be heard on sentencing?

7           **MR. SMITH**:  No, Your Honor.

8           **THE COURT**:  Okay.  Mr. Couch, I will turn the floor

9    over to you.

10               I have read the letters that you have provided to me

11   in advance.  Of course, the defendant's sister who talked very

12   eloquently, in my view, about the addiction process.  I've

13   also read the letter from his stepmother, his uncle, his

14   father, and his brother-in-law.

15               So I will now turn the floor over to you.

16          **MR. COUCH**:  Thank you, Judge.  I want to point out

17   Mr. Rutledge's father and stepmother are here this morning and

18   his father would like to address the Court.

19               Mr. Rutledge has been very cooperative with me; very

20   candid about his situation.  We don't agree with the Court's

21   finding on the amount because of Mr. Curry's statements.

22   Nevertheless, we are prepared to go ahead.

23               The range of punishment in this case is so harsh.  I

24   don't -- This may be the largest -- highest Guideline range

25   I've ever had and it's a shame because it all comes from an

1  addiction to methamphetamine.  His father will tell you that
2  he was a good kid.  He worked for his father and when he got
3  addicted to methamphetamine everything changed and here we are
4  today.
5        He's accepted responsibility for what happened.  He
6  would like the Court to consider a dramatic departure from the
7  minimum.  If the Court doesn't do that, then he is going to be
8  my age by the time he gets out.
9        He's regretful -- He regrets this and he has been a
10 very polite person to me and I appreciate that.
11       We ask the Court to departure quite a bit down from
12 the guidelines and perhaps down in the 180 area, if that's
13 appropriate.
14       I would like his father to come up and address the
15 Court, if that's okay.
16       **THE COURT:**  Very good.  Sir, would you go with the
17 marshal, please.
18       Would you raise your hand and be sworn.
19    (Witness sworn by the clerk at this time.)
20       **THE COURT:**  Would you have tell me your name, please.
21       **THE WITNESS:**  Tim Rutledge.
22       **THE COURT:**  I would be pleased to hear from you.
23       **THE WITNESS:**  Thank you.  Matt is my son and at an
24 early age, in his teenage years, his mother died and he came
25 to live with me in San Angelo; he was living in Cleburne at

1   the time.  While he was in high school, he was a teenager, he
2   finished high school and came to work for me, I have a small
3   moving and storage business that I own and run, and he worked
4   for me for up through his high school years and one year after
5   that and then he went on the road with a road driver to go out
6   on his own and roam the world.  Of course, he got mixed up
7   with the wrong people and since then he's -- he's had a hard
8   time of it.
9           But he's a very intelligent man and he's -- he's a
10  good kid.  He's a good man.  And I just ask for the Court's
11  leniency to give him another chance to not be too harsh on him
12  and give him a chance in life.
13          Thank you, sir.
14          **THE COURT**:  Okay.
15      (Off-the-record discussion between Court and the Court
16  Security Officer.
17          **MR. COUCH**:  Yes, sir.
18          **THE COURT**:  So, any other witnesses?
19          **MR. COUCH**:  No, Your Honor.  Well, I -- Well, let me
20  add this.  Because of the Guideline situation, he can't take
21  advantage of the program, although he probably will do it
22  voluntarily.  But the sentence that the Guidelines are so
23  onerous, it's hard to believe that he's in this situation.  He
24  wants to address the Court, so I will do that.
25          **THE COURT**:  Very good.  Mr. Rutledge, do you wish to

1  speak on your behalf --
2           **THE DEFENDANT:**  Yes, sir.
3           **THE COURT:**  -- or present information in mitigation
4  of your sentence?
5           **THE DEFENDANT:**  Yes, sir.
6           **THE COURT:**  I would be pleased to hear from you.
7           **THE DEFENDANT:**  You know, before I started using
8  drugs I had a pretty good life, you know.  I had a scholarship
9  that I didn't use because of drugs and a lot of people that
10 cared about me and everything I've ever accumulated or
11 anything I've ever accomplished has been lost due to my
12 addiction.
13          And I would like to apologize to my family.  I'm
14 extremely embarrassed to be standing here in front of them and
15 for not taking better direction, knowing they provided every
16 opportunity for me to have a good life.  And I'd like to
17 apologize to my children and I only pray that they don't make
18 the same mistakes I do because I won't be there to guide them.
19          I would like to apologize to the Court for wasting
20 your time and your money and I would like you to know that I
21 do plan to take this time to better myself, further my
22 education, provided I'm in the right place.
23          With that being said, I in no way am using my
24 addiction as a crutch for what I've done.  I take full
25 responsibility for my actions and I pray that you find

1  leniency and mercy in my case.
2       **THE COURT**: Thank you, sir.
3       I will now state the sentence determined pursuant to
4  Title 18 U.S.C. § 3553 treating the Sentencing Guidelines as
5  advisory only.
6       In arriving at a reasonable sentence, I've taken into
7  account primarily the conduct admitted in the Factual Resume
8  as well as those matters required to be considered by 3553.
9       It is the judgment of the Court that the defendant is
10 committed to the custody of the Federal Bureau of Prisons for
11 a period of 324 months.
12      This shall run concurrent -- yeah, concurrent with
13 any sentence imposed out of the Criminal District Court No. 2
14 of Tarrant County and out of the Dallas County Criminal Court
15 No. 6.
16      I do not order a fine.
17      I do order a mandatory special assessment of $100.
18      It is further ordered that upon your release that you
19 be placed on supervised release for a term of 4 years.
20      It is further ordered that upon your release that you
21 comply with the standard conditions contained in this judgment
22 as well as the mandatory and special conditions stated herein.
23      Have you gone over those conditions with your client?
24      **MR. COUCH**: Yes, sir.
25      **THE COURT**: Do you understand those conditions, sir?

1        **THE DEFENDANT**:  Yes, sir.

2        **THE COURT**:  I will order those conditions imposed in
3   your case.

4        I have considered all of the facts and circumstances
5   in this case in arriving at this sentence; I have taken into
6   account the letters provided to me in advance; I have
7   considered the underlying offense conduct as set out in the
8   Presentence Investigation Report; and I have also considered
9   the long criminal history that the defendant has accrued in
10  his thirty-three years, one of which includes some disturbing
11  facts related to an assault, bodily injury, family member,
12  with his -- I guess live-in girlfriend at the time where
13  there's some evidence to indicate that he tried to suffocate
14  her.  In considering all of those facts and balancing all of
15  those facts, I believe that this is the appropriate sentence
16  in this case, given all of the facts and circumstances, and
17  that this sentence is sufficient, but not greater than
18  necessary, to comply with the statutory purposes of sentencing
19  because I believe that this sentence provides just punishment
20  for the offense of conviction, affords adequate deterrents to
21  others, and protects the public from future crimes of the
22  defendant.

23       Is there any objection from Government as to this
24  sentence?

25       **MR. SMITH**:  No, Your Honor.

1         **THE COURT:** From the Defense?

2         **MR. COUCH:** We object under 3553 as it's
3 unreasonable.

4         **THE COURT:** Yes, sir. And I will overrule that for
5 the reasons that I have just articulated.

6         Now, Mr. Rutledge, you have the right to appeal this
7 sentence and should you decide to appeal this sentence you
8 would have the right to apply for leave to appeal in forma
9 pauperis if you are unable to pay the costs of an appeal and
10 if you decide to appeal your notice must be filed within 14
11 days. Talk to Mr. Couch about your appellate rights.

12         Is there anything else we should take up from the
13 Government?

14         **MR. SMITH:** No, Your Honor.

15         **THE COURT:** From the Defense?

16         **MR. COUCH:** No.

17         **THE COURT:** Then we are in recess on this case.
18 Thank you all for being here. Good luck to you, sir.

1   I, **DENVER B. RODEN**, United States Court Reporter for the
2   United States District Court in and for the Northern District
3   of Texas, Fort Worth Division, hereby certify that the above
4   and foregoing contains a true and correct transcription of the
5   proceedings in the above entitled and numbered cause.
6   **WITNESS MY HAND** on this 19th day of February, 2016.

/s/ Denver B. Roden

**DENVER B. RODEN, RMR**
*United States Court Reporter*
1050 Lake Carolyn Parkway #2338
Irving, Texas  75039
*drodenrmr@sbcglobal.net*
**Phone**:  (214) 753-2298