
ORIGINAL

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10053
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

MATTHEW RUTLEDGE,

    Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-151-20

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Matthew Rutledge pleaded guilty to conspiracy to possess, with the intent to distribute, 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841, 846. He was sentenced, *inter alia*, to 324-months imprisonment, at the bottom of the advisory Sentencing Guidelines range. Rutledge challenges the court's finding on the amount of methamphetamine for which he was held responsible, asserting the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

presentence investigation report (PSR) was not sufficiently specific to be reliable.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The court's drug-quantity determination is reviewed for clear error, with the finding to be upheld as long as it is "plausible in light of the record as a whole". *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). A drug-quantity finding for sentencing purposes must be based on reliable evidence, such as a PSR. *E.g., United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). For the reasons that follow, the drug-quantity finding was not clearly erroneous.

The only evidence Rutledge submits in connection with his objections to the drug-quantity determination neither contradicts the information in the PSR nor shows it unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (stating defendant has the burden of presenting rebuttal evidence demonstrating information in the PSR is unreliable). Rutledge presented a letter from a co-defendant, providing that his statements to the authorities did not implicate Rutledge in the conspiracy. In addition to those statements, however, the PSR also relied on information provided by numerous other co-conspirators. Rutledge's contentions against the reliability of the PSR are conclusory and unsupported.

Additionally, to the extent Rutledge asserts the court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B) (district court to resolve and rule on disputed portions of PSR), his contention is unsupported by the record. At sentencing, the court explicitly addressed Rutledge's objections to the drug quantity and overruled them, finding there was no evidence detracting from the PSR's reliability.

AFFIRMED.